UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANE MENSCHE,

                              Petitioner,

                      v.                              9:01-CV-1429
                                                                  (FJS/GJD)

WALTER KELLY, Superintendent,
Attica Correctional Facility,

                              Respondent.
_____

**APPEARANCES**                                               **OF COUNSEL**

SHANE MENSCHE
**98-A-2449**
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070-0311
Petitioner *pro se*

**LAW OFFICES OF MICHAEL H. SUSSMAN**      **MICHAEL H. SUSSMAN, ESQ.**
40 Park Place
P.O. Box 1005
Goshen, New York 10924
Attorneys for Petitioner

**OFFICE OF THE NEW YORK**                 **STEVEN H. SCHWARTZ, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Respondent

**SCULLIN, Chief Judge**

### ORDER

       By Memorandum-Decision and Order dated February 7, 2005, this Court adopted

Magistrate Judge DiBianco's Report-Recommendation, dated May 10, 2004, in its entirety and

dismissed Petitioner's *habeas corpus* petition. *See* Dkt. No. 13. By letter dated April 4, 2005, Petitioner, through counsel, requested that the Court issue a Certificate of Appealability ("COA").[1] *See* Dkt. No. 18.

Section 2253 of Title 28 of the United States Code governs appeals to the courts of appeals in *habeas corpus* proceedings. This statute provides, in pertinent part, that

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[2]

28 U.S.C. § 2253(c)(1).

A court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] In the April 4, 2005 letter, Michael H. Sussman, Esq. informed the Court that Petitioner had retained him to perfect an appeal from this Court's February 7, 2005 Memorandum-Decision and Order. *See* Dkt. No. 28. Mr. Sussman filed a Notice of Appeal from that Memorandum-Decision and Order on Petitioner's behalf on March 16, 2005. *See* Dkt. No. 16.

It appears from the Court's Docket that Mr. Sussman represented Petitioner in this action until October 10, 2002, at which time he notified the Court that he had been suspended from practicing law in this District. *See* Dkt. No. 9. The Court, therefore, terminated his representation of Petitioner at that time. Subsequently, Mr. Sussman was readmitted to the practice of law in this District. However, until the Court received the April 4, 2005 letter, it was not aware that Petitioner had once again retained him as counsel. In light of Mr. Sussman's assertion that he, once again, represents Petitioner, the Court hereby instructs Mr. Sussman to file a Notice of Appearance in this action so that the Clerk of the Court may amend the Court's Docket to reflect this change.

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides, in pertinent part, that, under these circumstances, an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

After reviewing the entire file in this matter and for the reasons set forth in its February 7, 2005 Memorandum-Decision and Order, the Court concludes that Petitioner has failed to make the required showing for issuance of a COA.  Accordingly, the Court hereby

**ORDERS** that Petitioner's application for a Certificate of Appealability is **DENIED**; and the Court further

**ORDERS** that Michael H. Sussman, Esq., file a Notice of Appearance in this action **within ten days of the date of this Order**; and the Court further

**ORDERS** that, upon receipt of such Notice of Appearance, the Clerk of the Court shall amend the Court's Docket to reflect this change; and the Court further

**ORDERS** that, in light of Mr. Sussman's assertion in the April 4, 2005 letter that Petitioner has, once again, retained him as counsel, the Clerk of the Court shall, in addition to serving a copy of this Order upon Petitioner and Respondent's counsel, serve a copy of the same upon Mr. Sussman.

**IT IS SO ORDERED.**

Dated: April 7, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge